LippesMathias LLP
ATTORNEYS AT LAW

September 8, 2026

**VIA CM/ECF ONLY**
Hon. Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Douglas R. Dollinger, et al. v. Frank C. Gilmore, et al.*
Case No.: 7:26-cv-07273

Dear Judge Karas:

Pursuant to this Court's Local Rules, please allow this letter to serve as Defendants Frank C. Gilmore ("Gilmore") and the Gilmore Law Group PLLC's (the "Gilmore Law" collectively "Gilmore Defendants") response to Plaintiffs' September 2, 2026 pre-motion request for leave to move to remand this action to New York state court. Plaintiffs' request should be denied because the proposed motion to remand is meritless. Removal was proper, complete diversity exists, and Plaintiffs' arguments are contradicted by the record and governing law.

## I. Complete Diversity Exists Among All Real Parties to the Controversy

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). "It is a well settled general principle ... that diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties. Parties that are considered nominal are those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution." *Fed. Ins. Co. v. Tyco Int'l Ltd,* 422 F. Supp. 2d 357, 388 (S.D.N.Y. 2006).

Further, where a party has been named for the purpose of defeating removal and no cognizable claim has been raised against them, their inclusion will not destroy diversity. See *Romano v. Am. States Ins. Co.*, 295 F. Supp. 3d 307, 314 (W.D.N.Y. 2017). "To demonstrate that a non-diverse defendant has been fraudulently joined to defeat diversity, a defendant must show, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings (a claim not made here), or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."*Russell v. Citigroup,* 2023 WL 2969823, at *3 (E.D.N.Y. Feb. 24, 2023).

Defendants met their burden to establish federal jurisdiction and complete diversity. Plaintiffs' sole argument for remand is that ADMI, Inc. ("ADMI") is a "real and substantial party" whose citizenship destroys complete diversity. This argument fails for multiple reasons.

**Tessa R. Scott** | Partner | tscott@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202 **Phone:** 716.853.5100 **Fax:** 716.853.5199 **lippes.com**
**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs, Syracuse // **Florida:** Jacksonville, Tampa Bay, West Palm Beach
**Illinois:** Chicago // **Ohio:** Cleveland // **Oklahoma:** Oklahoma City // **Ontario:** Greater Toronto Area // **Texas:** San Antonio // **Washington, D.C.**

ADMI is not a named Defendant in this action. [Dkt. 1-2]. Plaintiffs designated ADMI, along with Tarsin Mobile, Inc. ("Tarsin"), SIR Inc. ("SIR"), and Global Brands Capital Corp. ("GBCC" and collectively "Necessary Parties") as "Necessary Parties," not as Defendants. [Dkt. 1-2]. Plaintiffs did not enter an appearance for the Necessary Parties on NYSCEF, and the Necessary Parties are not listed as parties on the state court docket. [Dkt. 1, ¶ 31].

Plaintiffs created a designation of Necessary Parties for ADMI, Tarsin, SIR and GBCC, while also asserting breach-of-contract and account-stated claims against them. [Dkt. 1-2, ¶¶ 78–86]. The rationale for this is clear, although fundamentally and fatally flawed. Plaintiffs simultaneously represent ADMI, Tarsin and SIR in other pending federal litigation. [Dkt. 1, ¶ 10; Dkt. 1-3, ¶ 28]. Plaintiffs are counsel of record for ADMI in *Tarsin Mobile Inc. et al. v. ADMI Inc.,* No. 1:22-cv-09339 (S.D.N.Y.), and in *ADMI Inc. et al. v. Authentic Brands Group LLC* et al., No. 1:25-cv-07301 (S.D.N.Y.). Plaintiffs thus purport to sue their own current clients, a plain violation of New York Rules of Professional Conduct Rule 1.7 (22 NYCRR 1200.0) and ABA Model Rule 1.7. "[C]oncurrent representation is *prima facie* improper." *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.,* 618 F.3d 204, 209 (2d Cir. 2010). Plaintiffs should be well aware of this disqualifying conflict, having previously been disqualified as counsel for concurrent representation in the related matter that was previously transferred from the Southern District of New York (7:24-cv-00859) to the District of Nevada (3:25-cv-00553) ("The Nevada Action"), which is still pending. [Dkt. 1-1].

There is no possibility that Plaintiffs can maintain a cause of action for breach of contract against Plaintiffs' current clients, especially here where the current claim is related to Plaintiffs' current representation. *See Russell,* 2023 WL 2969823, at *3. As such, the Necessary Parties' citizenship, including ADMI, should not be considered for purposes of diversity removal rather than to remand this matter to state court. [Dkt. 1, ¶ 35].

## II. Even Considering ADMI's Citizenship, ADMI Is a Citizen of Nevada—Not New York

Even if this Court were to consider ADMI's citizenship, complete diversity still exists. ADMI is, and has at all relevant times been, a Nevada corporation with its principal place of business in Nevada. Plaintiffs' sole basis for claiming ADMI is a citizen of New York rests on the allegation that ADMI's principal place of business is located at 570 County Route 49, Middletown, New York, which is Plaintiffs' own law office address. [Dkt. 1-2, ¶ 11]. This assertion is both implausible and directly contradicted by the voluminous record before this Court.

While this Court did not consider diversity in the Nevada Action, Plaintiffs made nearly identical arguments related to ADMI's principal place of business in opposition to a motion to dismiss and transfer. There, this Court extensively questioned Plaintiffs regarding ADMI's inconsistent jurisdictional allegations. [Dkt. 1-3, ¶¶ 12–14; Ex. B]. During those proceedings, Plaintiffs initially alleged that ADMI's principal place of business was at 104 Charlton St. in Manhattan, then amended their clients' address in the Amended Complaint to 570 County Route 49, Middletown, New York, Plaintiffs' own law firm address. When questioned, Plaintiffs conceded they had to call their client to "confirm" that ADMI's address was in fact the Dollinger Law Offices address. [Dkt.

1-3, ¶¶ 13–14; Ex. B, pp. 7–17]. This Court ultimately transferred the Nevada Action to the District of Nevada. [Dkt. 1-1].

ADMI is a Nevada corporation. [Dkt. 1-2, ¶ 11]. It maintained a commercial leasehold at 5345 Kietzke Lane, Suite 200, Reno, Nevada 89511, for its operations from 2021 through at least late 2024. [Dkt. 1-3, ¶ 34; Ex. D (lease)]. Its checks reflected a Nevada address and utilized a Nevada-based bank. [Id.]. Its corporate officers conducted business in Nevada, including a meeting at what was described as the "ADMI house in Reno." [Dkt. 1-3, ¶ 35; Ex. E]. Transactional documents, including the Asset Purchase and Contribution Agreement with Sports Hospitality Ventures, listed ADMI's address as 5345 Kietzke Lane, Reno, NV 89511. [Dkt. 1-3, Ex. C]. Pursuant to *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), the principal place of business is the corporation's "nerve center," or is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings, which is absent from Plaintiffs' request. ADMI's nerve center, during the relevant time, was in Nevada.

Plaintiffs assert that on June 3, 2026, just weeks before commencing this action on July 16, 2026, "ADMI's Board determined that the company would establish and maintain its headquarters and principal executive and administrative coordination through 570 County Route 49, Middletown, New York." [Dkt. 9, p. 2]. Merely alleging that a corporation maintains an address in New York (at its attorneys' office) is insufficient to establish that its principal place of business is in New York. *See Siciliano v. Imperial Bag & Paper Co. LLC*, 2026 WL 346184, at *4 (W.D.N.Y. Feb. 9, 2026). This is a transparent attempt to manufacture New York citizenship, on the eve of litigation, after this Court questioned these very representations, and after the Nevada Action was transferred on precisely these grounds.

Plaintiffs suggest that ADMI cannot be "realigned" for diversity purposes. If ADMI has any genuine interest in this litigation, it is aligned with Plaintiffs, its own counsel. Its presence does not destroy diversity. ADMI presumably has an interest is the payment of its counsel's fees, by a third party, making its position akin to that of Plaintiffs' litigation partner not adversary. If ADMI's interests are genuinely adverse to Plaintiffs, then Plaintiffs have a disqualifying conflict of interest that would prevent the claims from proceeding in any event. In either circumstance, ADMI's inclusion in the lawsuit does not destroy diversity.

**Conclusion**

Plaintiffs' proposed motion to remand rests entirely on the premise that ADMI is a New York citizen whose presence destroys diversity. As demonstrated above, this premise is unsupported by the record, contradicted by the evidence, and based on a transparently manufactured jurisdictional predicate.

This Court should decline to grant leave to file a remand motion and instead proceed to address the Gilmore Defendants' pending pre-motion request for a conference concerning their proposed motion to dismiss and/or transfer venue. [Dkt. 3].

Respectfully submitted,

LIPPES MATHIAS LLP

Tessa R. Scott

cc all counsel who have appeared via CM/ECF