Law Office of
Douglas R. Dollinger, P.C.
& Associates, Counselors at Law

Admitted to Both
State and Federal Practice

**Telephone**
845.741.9363

**Affiliated Offices**
San Fransisco California
New York City, New York

570 County Route 49
Middletown, New York 10940
ddollingeresq@gmail.com

September 2, 2026

**VIA CM/ECF**

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *Douglas R. Dollinger, et al. v. Frank C. Gilmore, et al*. Case No. 7:26-cv-07273-KMK**
**Pre-Motion Request for Leave to Move to Remand**

Your Honor:

Pursuant to the Court's Individual Rules, Plaintiffs respectfully request a pre-motion conference and leave to move to remand this action to the Supreme Court of the State of New York, County of Orange, pursuant to 28 U.S.C. § 1447(c). Defendants removed this action solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Complete diversity is absent because ADMI, Inc. is a real and substantial party to this controversy and, when this action was commenced and removed, its principal place of business was in New York.

The First Amended Verified Complaint does not merely identify ADMI as a nominal or formal party. Plaintiffs assert direct breach-of-contract and account-stated claims against ADMI and other Necessary Corporate Parties arising from professional fees exceeding $2.2 million. Plaintiffs also seek declaratory relief concerning ADMI's contractual rights and obligations and the effect of the disputed December 2023 proposed settlement. ADMI therefore possesses its own substantial legal and financial interests in the controversy.

Defendants nevertheless removed the action by disregarding ADMI's New York citizenship. That position cannot be reconciled with the governing rule that diversity jurisdiction depends upon the citizenship of real and substantial parties to the controversy. ADMI is not a stakeholder without an interest in the outcome. A judgment in this action may determine whether ADMI owes Plaintiffs millions of dollars and may adjudicate ADMI's rights and obligations concerning the disputed fee and settlement arrangements.

Nor can complete diversity be created by automatically realigning ADMI. Party alignment for diversity purposes depends upon the actual collision of interests disclosed by the principal purpose of the litigation, rather than the labels selected by the parties. Here, Plaintiffs seek

affirmative monetary relief against ADMI. ADMI consequently has a direct financial interest adverse to Plaintiffs concerning whether the claimed fees are owed, their amount, and the legal effect of the agreements and transactions through which Plaintiffs seek recovery. Those substantive interests preclude treating ADMI as though it were merely another plaintiff for jurisdictional purposes.

Defendants likewise cannot satisfy their removal burden through historical assertions concerning ADMI's prior activities in Nevada. For purposes of 28 U.S.C. § 1332(c)(1), a corporation is a citizen both of its state of incorporation and the state containing its principal place of business. Under Hertz Corp. v. Friend, 559 U.S. 77 (2010), the principal place of business is the corporation's "nerve center"—the place where its officers actually direct, control, and coordinate corporate activities.

The relevant jurisdictional inquiry concerns ADMI's citizenship when this action was commenced and removed in July and August 2026. The historical materials relied upon by Defendants principally concern earlier periods and do not establish ADMI's nerve center at the jurisdictionally relevant time. On June 3, 2026, ADMI's Board determined that the company would establish and maintain its headquarters and principal executive and administrative coordination through 570 County Route 49, Middletown, New York. That determination was implemented as an actual corporate and financial decision concerning where ADMI's continuing affairs would be directed and coordinated; the New York location was not merely a mailing address.

The evidence supporting remand therefore concerns the relevant 2026 period, whereas Defendants principally rely upon historical circumstances that preceded the commencement of this action. The removing parties bear the burden of establishing federal jurisdiction, and doubts concerning removability are resolved against removal.

The Court's September 24, 2025 decision transferring the former action to Nevada does not determine the jurisdictional issue presented here. That decision addressed a different action, a different record, and circumstances existing before ADMI's June 2026 corporate determination concerning the location from which its continuing executive and administrative affairs would be coordinated. It did not adjudicate ADMI's citizenship under § 1332 as of July or August 2026 and therefore does not relieve Defendants of their burden of establishing complete diversity in this subsequently commenced action.

Plaintiffs recognize that Defendants characterize the present action as related to the former action and have contemporaneously objected to that designation pursuant to Rule 13 of the Rules for the Division of Business Among District Judges. The relatedness issue, however, does not determine federal subject-matter jurisdiction. Even if two actions share historical background, federal jurisdiction over this removed action exists only if Defendants independently establish the requirements of § 1332 at the time relevant to removal.

Because ADMI is a real and substantial party whose citizenship cannot properly be disregarded, and because its principal place of business was New York at the relevant time, complete diversity does not exist. Plaintiffs therefore respectfully request leave to file their motion

to remand, together with their supporting memorandum, declarations, corporate records, and exhibits. Plaintiffs further request that the threshold jurisdictional issue be resolved before the parties are required to brief Defendants' proposed Rule 12 and transfer motion.

Respectfully submitted,
Douglas R. Dollinger, Esq.
Douglas R. Dollinger, Esq.
Plaintiff Pro Se and Attorney for
The Law Offices of Douglas R. Dollinger, P.C.

The Court will hold a pre-motion conference on November 6, 2026, at 11 AM via teleconference.

The Clerk of the Court is directed to terminate the motions on ECF Nos. 3, 7, and 9.

So ordered.
10/22/26